1
2
3
4
5
6
7
8

Mark D. Estle, SBN 135004
Erica T. Loftis, SBN 259286
Buckley Madole, P.C.
12526 High Bluff Drive, Suite 238
San Diego, CA 92130
Telephone: 858-720-0890
Fax: 858-720-0092
Mark.Estle@BuckleyMadole.com

Attorney for Secured Creditor

9
10
11

## UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>Sylvia  Butler,<br><br><br><br><br><br><br><br>                          Debtor. | Case No. 9:16-bk-10149-PC<br><br>Chapter 11<br><br>**STIPULATION RE: OBJECTION TO CONFIRMATION OF PLAN**<br><br>**Property Address:** 17W Valerio Street<br>                          Santa Barbara, CA 93101<br><br>Hearing:<br>Date:   December 14, 2016<br>Time:   11:30 a.m.<br>Place:  Courtroom 201<br>           1415 State Street<br>           Santa Barbara, CA 93101 |

12
13
14
15
16
17
18
19
20
21

**TO THE HONORABLE PETER CARROLL, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, DEBTOR'S COUNSEL, THE U.S. TRUSTEE, AND OTHER INTERESTED PARTIES:**

22
23
24

      Wells Fargo Bank, N.A. ("Secured Creditor") and Sylvia  Butler ("Debtor"), by and through their respective attorneys of record, have conferred and hereby stipulate as follows:

25
26
27

      **IT IS HEREBY STIPULATED:**

   1.  This matter affects Secured Creditor's Proof of Claim filed as Claim 7-1 pertaining to the real

28

1   property commonly known as 17W Valerio Street, Santa Barbara, California 93101 (the "Property"), in

2   the amount of $1,033,904.93, including arrearage in the amount of $287,306.71.

3       2.  The parties hereto agree that Debtor shall provide for Secured Creditor's claim in the secured

4   amount of $983,000.00, plus post-petition escrow disbursements in the amount of $9,198.89, for a total

5   claim of $992,198.89 at 5.0% amortized  over forty (40) years in the Plan of Reorganization under the

6   above-captioned case.  Debtor will commence monthly payments to Secured Creditor on January 1,

7   2017, in the amount of $4,784.35, which consists of Principal and Interest only, and thereafter on the

8   first of each month in accordance with the terms herein for a period of 480 months.

9       3.  In addition to the Principal and Interest payments described in paragraph 2 of this Stipulation,

10  Debtor shall concurrently tender to Secured Creditor additional monthly payments for Escrow in an

11  initial amount of $734.93 for payment of the property taxes and hazard insurance. The exact amount of

12  the escrow portion of the payment going forward will be dependent upon future escrow analyses to be

13  done on the account in accordance with the terms of the Note and Deed of Trust. However, if Secured

14  Creditor so elects, Debtor shall be directly responsible for payment of the property taxes and/or hazard

15  insurance. In that case if Debtor fails to pay the taxes and/or insurance on the Property, said failure shall

16  be an event of Material Default under the Plan.

17      4.  Secured Creditor shall also have an unsecured claim in the amount of $50,904.93 and shall be

18  entitled to its pro rata share of distributions made to the unsecured class of creditors in the Plan.

19      5.  If Debtor fails to make any payment required under this Stipulation, or to perform any other

20  obligation required under the Plan for more than 10 days after the time specified prior to confirmation,

21  Secured Creditor may serve upon Debtor and Debtor's Counsel a written notice of default.  The Debtor

22  is in Material Default if he fails within 10 days of the service of such notice of default, plus an additional

23  3 days if served by mail, either: (i) to cure the default or (ii) to obtain from the Court an extension of

24  time to cure the default or a determination that no default occurred.

25      6.  In the event Debtor is in Material Default under the Plan then Secured Creditor (i) may file

26  and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order

27  of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce

28

1    and collect Debtor's pre-confirmation obligations.

2    7. Upon confirmation of Debtor's Plan, Secured Creditor will no longer have to comply with

3 paragraph five (5) above. Instead, Secured Creditor may provide Debtor notice of any default related to

4 the Stipulation in accordance with the Note and Deed of Trust, and/or proceed with all its remedies under

5 the terms of the Note and Deed of Trust, and applicable state and federal law, including but not limited

6 to foreclosure of the subject Property, without further notice, order, or proceeding of this Court.

7    8. The acceptance by Secured Creditor of a late or partial payment shall not act as a waiver of

8 Secured Creditor's right to proceed hereunder.

9    9. Except as otherwise expressly provided herein, all remaining terms of the subject Note and

10 Deed of Trust shall govern the treatment of Secured Creditor's Secured Claim.

11    10. At the request of Secured Creditor, the Debtor shall execute such documents and instruments

12 as are necessary to reflect the Debtor is the borrower of the Secured Claim, and to modify the terms of

13 the obligation to conform with the provisions of this Stipulation.

14    11. In the event Debtor's case is dismissed or converted to any other chapter under Title 11 of the

15 United States Bankruptcy Code, Secured Creditor shall retain its lien in the full unmodified amount due

16 under the Note and Deed of Trust and the Automatic Stay shall be terminated without further notice,

17 order or proceeding of the Court.

18    12. In the event of a sale, refinance or transfer of title to the Property, Secured Creditor shall retain

19 its lien in the full unmodified amount due under the Note and Deed of Trust and the Automatic Stay shall

20 be terminated without further notice, order or proceeding of the Court.

21    13. In exchange for the foregoing, this Stipulation shall constitute a ballot voting in favor of the

22 Debtor's Plan of Reorganization or any subsequently filed Amended Chapter 11 Plan.

23    14. The terms of this Stipulation may not be modified, altered, or changed by the Debtor's

24 Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and

25 confirmation order thereon without Secured Creditor's express written consent. The terms of this

26 stipulation shall be incorporated into the Debtor's Chapter 11 Plan and/or any subsequently filed

27 Amended Chapter 11 Plan. In the event of a conflict between a provision of this Stipulation and any

28 provision of Debtor's Chapter 11 Plan or any amendments of modifications thereto, the terms of this

1 | Stipulation shall control.

2 | **APPROVED AS TO FORM AND CONTENT:**

3 | Dated: 12/20/16                    Dated: 12/21/2016

4 |                                    /s/ Mark D. Estle

5 | Eric Bensamochan                   Mark D. Estle
   | Attorney for Debtor,              Attorney for Secured Creditor,
6 | Sylvia Butler                      Wells Fargo Bank, N.A.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28